WILLIAM W. McRae, Employee v. CLAUDE WALL, Employer, and NATIONWIDE MUTUAL INSURANCE COMPANY, Carrier.

(Filed 27 November 1963.)

**1. Master and Servant § 93—**

On appeal from the Industrial Commission the courts determine only whether as a matter of law the facts found by the Commission support its conclusions and whether they justify the award, and the findings of fact of the Commission are conclusive when supported by competent evidence.

**2. Master and Servant § 64—**

Evidence tending to show that plaintiff employee was injured when a cement block wall collapsed and blocks struck him on the left hand and head, that the injury to the hand resulted in a permanent partial disability but that the injury to the head did not break the skin but caused a knot which subsided shortly thereafter, *held* to support an award for disability of the hand but not to support a finding that a disfiguring scar on the head some eighth of an inch wide and five inches long, which appeared subsequent to the injury, was the result of the injury.

Appeal by defendants from *Johnston, J.,* March, 1963 Civil Session, Richmond Superior Court.

This proceeding originated as a workmen's compensation claim for injuries and disfigurement resulting from an industrial accident. The

McRae *v.* Wall.

North Carolina Industrial Commission held a hearing at which all jurisdictional facts and the claimant's average weekly wage were stipulated. The evidence disclosed the claimant suffered a hand and head injury as a result of a collapsing cement block wall which he was laying as underpinning for a new house. He testified: "The wall was six or seven blocks high, each block is 8 inches, several of them fell on me and struck me on the left hand and in the head, the left side of my head; I would feel dizzy like I was going to fall, my hand was swollen. I was treated by Dr. V. G. Watters. I saw him the same day. I went back to work the next day. It commenced to give me trouble later on. My left hand was giving me more trouble than anything else. I worked on until the job was almost finished. I had to stop on account of my left hand. I was out about four weeks. The doctor did not tell me anything about working or not working. Since the accident, my head has given me dizzy spells. I have this scar."

By the Court: "A scar five inches long one inch above his left ear extending from the forehead two and a half inches back of left ear—slight discoloration—no hair growing in the scar, which is about an eighth of an inch wide." * * *

"I did not claim to be disabled until the job was over. I have not been to any doctor other than Dr. Watters and saw no doctor between the Safie job and December, 1961. The skin was not broken on my head or my hand when I was struck. The doctor gave me a prescription. The hair began to leave my head and the scar to show two or three weeks later. All I did was to wash it with soap and water. It won't festered. The hair came out and the lightness showed through." * * *

"I had this scar about three weeks after the block fell on me. I saw the doctor two or three times. The scar did not come all at one time. I did not use any application—just rubbed it with turpentine."

The accident occurred on December 5, 1960. The claimant called as his witness Dr. V. G. Watters, who treated the injuries immediately after the accident. Dr. Watters testified as his opinion the claimant had suffered a permanent partial disability of 10 to 15 per cent in the left thumb and forefinger. With respect to the head injury, he testified: "I do not think the skin was broken, just bruised; the knot on the head was the size of a quarter. The knot had subsided on December 12, 1961. I do not recall any injury which would have resulted in the scar he now has."

The hearing commissioner found the injury to the hand and the disfiguring scar, five inches long, one-eighth-inch wide across the head above the left ear, were results of the accident and entered an award

of compensation for the permanent partial injury to the hand, and allowed a lump sum payment of $250.00 for the disfigurement. The full Commission on review, and the Superior Court on appeal, affirmed. The employer and his insurance carrier appealed.

*Page & Page by John T. Page, Jr., for plaintiff employee, appellee.*
*I. Weisner Farmer for defendants, appellants.*

Higgins, J. When called upon to review the findings of fact, conclusions of law, and awards of the North Carolina Industrial Commission in compensation cases, the courts determine as a matter of law whether the facts found support the Commission's conclusions, and whether they justify the awards. However, in passing on challenged findings of fact, the courts must approve the findings if they are supported by competent evidence. Hence the Court may set aside a finding of fact only upon the ground it lacks evidentiary support. *Blalock v. Durham*, 244 N.C. 208, 92 S.E. 2d 758; *Watson v. Harris Clay Co.*, 242 N.C. 763, 89 S.E. 2d 465; *Creighton v. Snipes*, 227 N.C. 90, 40 S.E. 2d 612.

We have no difficulty in finding in the record evidence to support the finding that claimant sustained by accident a compensable injury to his hand. The award on that account is sustained. However, evidence is lacking to support the finding that claimant sustained a disfiguring scar five inches long, one-eighth-inch wide, across the side of his head above his left ear. Claimant himself testified the skin was not broken on his head. "The hair began to leave my head and the scar to show two or three weeks later. . . . The scar did not come all at one time. I did not use any applications . . . just rubbed it with turpentine."

The claimant's doctor testified the head injury consisted of a knot about the size of a quarter which had subsided when he saw him again one week after the accident. The skin was not broken. "I do not recall any injury which would result in the scar he now has . . . the lump I saw could not have resulted in the loss of hair. This scar looks as if the skin was cut or broken and sewed up. I did not find any such condition when I first examined him."

Because of lack of evidence to sustain it, we must strike the Commission's Finding No. 4. The evidence simply fails to show the disfiguring scar was the result of the accident.

The proceeding will be remanded to the North Carolina Industrial Commission with direction to strike both its Finding of Fact No. 4 and

the award of $250.00 based thereon. As thus modified, the findings and award are affirmed.

Modified and affirmed.