Eller v. Porter-Hayden Co.

RADFORD T. ELLER EMPLOYEE v. PORTER-HAYDEN COMPANY, EMPLOYER, HARTFORD ACCIDENT AND INDEMNITY COMPANY, CARRIER

No. 7910IC1081

(Filed 2 September 1980)

Master and Servant § 68.1– workers' compensation – asbestosis – disablement more than two years after last exposure to asbestos

The Industrial Commission properly concluded that plaintiff's disablement from asbestosis resulted more than two years after his last exposure to asbestos dust in his employment by defendant and that plaintiff's workers' compensation claim was barred by G.S. 97-58 where the Commission found upon supporting evidence that plaintiff became disabled on 30 May 1975;

plaintiff was not exposed to the hazard of asbestosis for 30 work days, or parts thereof, during his last period of employment by defendant from 24 June 1973 to 26 July 1973; and plaintiff's last exposure to cotton dust in his employment by defendant occurred from 4 October 1972 to 2 February 1973.

APPEAL by plaintiff from an opinion and award of the North Carolina Industrial Commission entered 29 August 1979. Heard in the Court of Appeals 12 May 1980.

Plaintiff filed a notice of accident with the North Carolina Industrial Commission (Commission) on 24 February 1977. At a hearing on 20 July 1978, the parties stipulated that the plaintiff was employed by Porter-Hayden Company from 10 April 1972 through 7 February 1973 and from 24 June 1973 through 26 July 1973. Between those periods, plaintiff was employed by AC&S in North Carolina from 23 April 1973 through 22 June 1973, a period of more than 30 work days. The parties further stipulated that plaintiff's medical reports would be admitted into evidence. The evidence showed that plaintiff was diagnosed as having Grade II asbestosis resulting in a 70 percent disability.

Plaintiff testified that he is 63 years old and was employed since 1941 as an insulator. During that time, he worked for several employers in North Carolina, West Virginia, Georgia, and Tennessee. During the ten years prior to stopping work, plaintiff worked at least two years in North Carolina. Sometime in 1972, the insulation industry "started switching to" asbestos-free insulation. During plaintiff's last two periods of employment with Porter-Hayden in North Carolina, he was exposed to asbestos dust. From 26 July 1973 until 30 May 1975, plaintiff was employed by various insulation companies in Georgia, Tennessee, and West Virginia, his last employment being for eleven months with Johns Manville in West Virginia. Plaintiff was exposed to asbestos dust during that period of time, including his employment with Johns Manville which terminated on 31 May 1975, except for a three-day period in June or July 1975.

Plaintiff was first informed that he had contracted asbestosis in August 1975. Plaintiff filed a workers' compensation claim in West Virginia. On advice of his attorney in West Virginia, he

withdrew his claim for failure to meet the jurisdictional requirements of the West Virginia Act.

Deputy Commissioner Haigh found that plaintiff suffers from asbestosis, Grade II, that plaintiff's last injurious exposure was during his employment with Johns Manville Sales Corporation, and that defendant Porter-Hayden Company and its carrier were not liable for any compensation payments. The full Commission set aside the opinion and award of Deputy Commissioner Haigh and substituted its own opinion and award therefor finding that: plaintiff had contracted asbestosis, Grade II; plaintiff became disabled on 30 May 1975; plaintiff was last exposed to the hazards of asbestosis during his period of employment with Johns Manville Sales Corporation in West Virginia; plaintiff was last exposed to the hazards of asbestosis in North Carolina while employed by AC&S from April through June 1973; and plaintiff's claim against defendants Porter-Hayden Company and its carrier is barred by G.S. 97-57 and G.S. 97-58. Plaintiff appealed.

*Young, Moore, Henderson & Alvis, by Charles H. Young, Jr. and Robert C. Paschal, for plaintiff appellant.*

*Teague, Campbell, Conely & Dennis, by George W. Dennis III, for defendant appellees.*

ERWIN, Judge.

Plaintiff makes two arguments on appeal, that the Commission erred in two respects in this case: (1) in concluding as a matter of law that plaintiff's disablement resulted more than two years after his last injurious exposure to asbestos dust in his employment by defendant in North Carolina and (2) in concluding as a matter of law that defendant is not the employer in whose employment plaintiff was last injuriously exposed within the provisions of G.S. 97-57 and that defendant is not liable for compensation payable for plaintiff's disablement. For the reasons that follow, we affirm the Commission.

We note that the findings of fact of the Industrial Commission are conclusive on appeal only when supported by compe-

tent evidence, and the Court, on appeal, may review the evidence to determine as a matter of law whether there is any evidence tending to support the findings of fact and whether such findings justify the legal conclusions and decisions of the Commission. *McRae v. Wall*, 260 N.C. 576, 133 S.E. 2d 220 (1963); *Vause v. Equipment Co.*, 233 N.C. 88, 63 S.E. 2d 173 (1951); *Gaines v. Swain & Son, Inc.*, 33 N.C. App. 575, 235 S.E. 2d 856 (1977).

In view of the above rule, we now examine the record in that light.

G.S. 97-58(a) provides, *inter alia*, that "an employer shall not be liable for any compensation for asbestosis ... unless disablement or death results within two years after the last exposure to such disease."

The Commission made the following findings of fact, *inter alia:*

"7. Plaintiff has the occupational disease, Asbestosis, Grade II, and from that occupational disease became disabled 30 May 1975. Plaintiff's disability is 70 percent.

8. Plaintiff was not exposed to the hazard of asbestosis for 30 working days, or parts thereof, during his employment by Porter-Hayden Company in North Carolina from 24 June 1973 to 26 July 1973.

EXCEPTION No. 2

9. Plaintiff was exposed to the hazard of asbestosis within seven consecutive calendar months for 30 working days or more, or parts thereof, during the term of his employment by Porter-Hayden Company in North Carolina from 4 October 1972 to 2 February 1973.

EXCEPTION No. 2A"

The Commission concluded as a matter of law, *inter alia:* "Plaintiff's disability resulted more than two years after his

last injurious exposure to asbestos dust in his employment by Porter-Hayden Company in North Carolina."

In Conclusion of Law No. 5, the Commission used the terms *plaintiff's disability* rather than the statutory required terms *plaintiff's disablement.* G.S. 97-58(a). The Commission also used the terms *his last injurious exposure to asbestos dust,* when the Commission should have used the terms *his last exposure to asbestos dust.* However, the results reached by the Commission will not be disturbed by us.

In *Autrey v. Mica Co.,* 234 N.C. 400, 408, 67 S.E. 2d 383, 389 (1951), our Supreme Court stated: "It is pertinent here to note that the statute G.S. 97-58(b) provides that 'the time of notice of an occupational disease shall run from the date that the employee has been advised by competent medical authority that he has the same.' " In the case *sub judice,* employee was notified of his disablement by competent medical authority on 1 August 1975, and his claim was timely filed with the Commission on 24 February 1977. G.S. 97-58(b).

The Commission found that plaintiff was not exposed to the hazard of asbestosis for 30 work days, or a part thereof, during his employment by defendant from 24 June 1973 to 26 July 1973. This finding established plaintiff's last exposure to asbestos dust with defendant to be from 4 October 1972 to 2 February 1973. We hold that the evidence supports the finding of fact that plaintiff's disablement resulted more than two years after his last injurious exposure to asbestos dust in his employment with defendant Porter-Hayden. G.S. 97-58(a).

In view of the conclusions we have reached on the first contention of plaintiff, it is not necessary to consider the second contention to dispose of this case on appeal.

The opinion and award of the Commission is affirmed and remanded to make technical corrections as set out in this opinion.

Affirmed and remanded.

Chief Judge MORRIS and Judge CLARK concur.