BART HAWLEY, Plaintiff v. WAYNE DALE CONSTRUCTION; and NORTH CAROLINA FARM BUREAU INSURANCE COMPANY, Defendants

No. COA00-976

(Filed 2 October 2001)

1. **Workers' Compensation— settlement negotiations—existence of Form 21 admitted—terms not disclosed**

    The Industrial Commission did not improperly consider evidence of settlement negotiations in a worker's compensation action where the deputy commissioner allowed the existence of a Form 21 to be introduced in rebuttal but did not allow the terms of the form to be disclosed. The evidence was relevant to an issue raised by plaintiff and there is no indication it had any bearing on the Full Commission's final decision.

2. **Workers' Compensation— attorney fees—failure to stipulate to medical report**

    The Industrial Commission did not err in a worker's compensation action by assessing attorney fees against plaintiff's attor-

ney under Rule 612(2) of the Workers' Compensation Rules for not stipulating to a medical report. Rule 612(2) is entirely consistent with the Workers' Compensation Act and aids in carrying out the provisions and manifest purpose of the Act by allowing the Commission to assess costs against an attorney or party who slows the litigation process by refusing to stipulate to medical records where authenticity is not an issue. Stipulating to the record's authenticity is not the same as stipulating to the accuracy of the diagnosis or prognosis.

**3. Workers' Compensation— attorney fees—failure to stipulate to medical report—deposition ordered but not taken**

Workers' Compensation Rule 612(2) applied where plaintiff did not stipulate to a medical report, a deposition was ordered, and time and effort were spent preparing for a deposition. The fact that a deposition was never taken has no bearing on the applicability of Rule 612(2).

**4. Workers' Compensation— attorney fees—failure to stipulate to a medical report—no abuse of discretion**

The Industrial Commission did not abuse its discretion by imposing costs and attorney fees against plaintiff's attorney in a workers' compensation action where plaintiff's attorney initially refused to stipulate to a doctor's report and then failed to notify defense counsel when he changed his mind; defense counsel continued to try to locate the doctor in Arizona and spent more time and money scheduling the deposition; and defense counsel only learned that plaintiff had agreed to the stipulation when she contacted plaintiff's counsel to arrange a deposition. The Commission's decision was supported by the facts and is valid under Rule 612(2).

**5. Workers' Compensation— attorney fees—calculation**

The Industrial Commission did not err in ordering plaintiff's attorney to pay $1,000 in costs and attorney fees incurred in scheduling a deposition after plaintiff's attorney failed to stipulate to a medical record and to timely notify defendant's counsel of his change in position when only $680 in attorney and paralegal fees were billed to defendant for scheduling the deposition. There is no requirement that the amount of attorney fees set by the Commission in its discretion under Rule 612 equal any set formula and this $1,000 fee was not unreasonable.

Appeal by plaintiff from opinion and award entered 15 May 2000 by Commissioner Thomas J. Bolch of the North Carolina Industrial Commission. Heard in the Court of Appeals 23 May 2001.

*Brenton D. Adams for the plaintiff-appellant.*

*Young, Moore and Henderson, by Dawn M. Dillon, for the defendant-appellees.*

THOMAS, Judge.

Plaintiff, Bart W. Hawley, appeals from a ruling by the North Carolina Industrial Commission (Commission) awarding him a 10% permanent impairment rating and ordering his attorney to pay $1,000 to defense counsel for the costs and attorney fees incurred in connection with scheduling a deposition.

Plaintiff contends the Commission erred by considering evidence of settlement negotiations in making its decision as to the impairment rating. He also contends the Commission erred by imposing costs and attorney fees where his counsel initially refused to stipulate to a medical report and then later failed to notify defendants' counsel of his willingness to enter into the stipulation.

For the reasons discussed herein, we affirm the Commission's opinion and award.

Plaintiff's injury occurred when he broke his right foot doing carpentry work in the course and scope of his employment with defendant, Wayne Dale Construction. He was examined by three orthopaedic surgeons. Dr. Ronald Levey (Levey) initially assessed no permanent impairment, Dr. Mark Brenner assessed a 20% impairment rating and Dr. Paul Schricker assessed the impairment rating at 3%.

The parties were unable to settle on an amount plaintiff was to receive for his permanent impairment, with plaintiff subsequently filing a request with the Commission for his claim to be assigned for hearing. The parties were then unable to settle on what should constitute the pre-trial agreement. Defendants insisted Levey's opinions should be included as evidence. Plaintiff, however, refused to stipulate to Levey's report. Because of that refusal, Deputy Commissioner Lorrie L. Dollar ordered that Levey be deposed at plaintiff's expense.

Prior to the deposition, plaintiff's counsel, Brenton D. Adams (Adams), received a Form 25R from Levey indicating that Levey had modified plaintiff's permanent impairment rating to 10%. Because of that change, Adams decided he would stipulate to Levey's evaluation and wrote a letter to that effect to Deputy Commissioner Dollar. Adams included a "cc" line on the letter denoting a copy to defendant's counsel, Dawn M. Dillon (Dillon), but then failed to actually send the copy to Dillon. Unaware of plaintiff's change of position, Dillon spent attorney and paralegal time locating Levey at his new home in Arizona, obtaining certified copies of plaintiff's medical records and scheduling the deposition. In all, 3.3 hours of attorney time billed at $115 per hour and 4.4 hours of paralegal time billed at $70 per hour were expended on trying to schedule the deposition.

In a 17 November 1999 opinion and award, Deputy Commissioner Dollar awarded plaintiff permanent partial disability compensation based on a 10% permanent impairment rating. In addition, Deputy Commissioner Dollar ordered Adams to pay "an attorney's fee" of $2,000 to defendants as a sanction for his failure to stipulate to Levey's evaluation, and his later failure to timely notify defense counsel of his change of position.

Plaintiff appealed to the Full Commission. The Full Commission, in a 15 May 2000 opinion and award, determined plaintiff was entitled to permanent partial disability compensation based on a 10% rating to his right foot. As a result of the failure to "timely notify defendants prior to their efforts to schedule an out-of-state deposition necessitated by plaintiff's counsel," the Commission also ordered Adams to pay $1,000 to Dillon for costs and attorney fees related to the failure to initially stipulate and then timely notify defendants' counsel of the change in position. From the Full Commission's opinion and award the plaintiff appeals.

[1] By his first assignment of error, plaintiff argues the Commission improperly considered evidence of settlement negotiations. We disagree.

Rule 408 of the North Carolina Rules of Evidence states:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admis-

sible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or evidence of statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

N.C.R. Evid. 408. At the hearing before Deputy Commissioner Dollar, the only information about compromise negotiations was testimony that plaintiff's claims adjuster sent a Form 21 (offer to pay compensation) to plaintiff's counsel, who never responded. Although Deputy Commissioner Dollar did not allow the terms of the form to be disclosed, she did allow evidence of the form's existence to be introduced as rebuttal after plaintiff claimed defendants refused to pay according to the treating physician's evaluation. Therefore, the evidence was directly relevant to an issue plaintiff himself raised and was not improperly admitted.

There is no indication, in fact, that this evidence had any bearing on the Full Commission's decision. The Commission, while noting other refusals on the part of Adams to respond to defendants' inquiries, found:

> plaintiff's counsel's refusal to reply to the carrier's repeated requests for settlement and Form 33 demanding settlement were within his legal rights. However, instead of merely not replying, a better route would have been for plaintiff's counsel to communicate to the carrier the fact that the proffered settlement was not acceptable to plaintiff.

In judicially reviewing the opinion and award of the Commission, this Court determines as a matter of law whether the finding of facts support the Commission's conclusions, and whether they justify the awards. *McRae v. Wall*, 260 N.C. 576, 578, 133 S.E.2d 220, 222 (1963). The Commission's findings will not be disturbed on appeal if they are supported by competent evidence even if there is contrary evidence in the record. *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 530 S.E.2d 549 (2000); *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 432, 342 S.E.2d 798, 803 (1986). However, the Commission's conclusions of law are reviewable *de novo* by this Court. *See Grantham v. R.G. Barry Corp.*,

127 N.C. App. 529, 491 S.E.2d 678 (1997), *rev. denied*, 347 N.C. 671, 500 S.E.2d 659 (1998).

In the case at bar, three orthopaedic surgeons examined plaintiff in an attempt to determine the degree of permanent impairment. The three. permanent impairment ratings were: (1) plaintiff's primary treating physician, Levey, assigned a 10% rating; (2) Dr. Mark Brenner assessed a 20% impairment rating; and (3) Dr. Paul Schricker assessed the impairment rating at 3%. The Commission may weigh the evidence and believe all, none or some of the evidence. *Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999). The Commission thus had the authority to primarily believe Levey without stating a reason, as long as it considered all of the evidence. The competent evidence clearly supports the finding that plaintiff sustained a 10% impairment. Accordingly, we reject plaintiff's first assignment of error.

[2] By his second assignment of error, plaintiff argues the Commission committed error as a matter of law in assessing fees based on Adams' refusal to stipulate to a medical report. His contentions are that: (1) Rule 612(2) is invalid as a matter of law because it is contrary to North Carolina law; (2) Rule 612(2) does not apply here; and (3) the Commission abused its discretion. We disagree as to all three.

We first address plaintiff's contention that Rule 612(2) of the Workers' Compensation Rules is invalid as a matter of law. The Commission "may make rules, not inconsistent with this Article [the North Carolina Workers' Compensation Act (Act)], for carrying out the provisions of this Article." N.C. Gen. Stat. § 97-80(a) (1999). Pursuant to this authority granted by the North Carolina Legislature, the Commission promulgated Rule 612(2), which states:

> In cases where a party, or an attorney for either party, refuses to stipulate medical reports and the case must be reset or depositions ordered for testimony of medical witnesses, a Commissioner or Deputy Commissioner may in his discretion assess the costs of such hearing or depositions, including reasonable attorney fees, against the attorney or his client who refused the stipulation.

Workers' Comp. R. of N.C. Indus. Comm'n 612(2).

We therefore must review whether Rule 612(2) is inconsistent with the Act, and then whether it aids in carrying out the provisions

of the Act. There is nothing in the Act that prohibits a Commissioner or Deputy Commissioner from assessing attorney fees against a party when a deposition might be scheduled after that party refuses to stipulate to medical records. In fact, there is support for Rule 612(2) in the Act:

> The Commission or any member thereof, or any person deputized by it, shall have the power, for the purpose of this Article, to tax costs against the parties, to administer or cause to have administered oaths, to preserve order at hearings, to compel the attendance and testimony of witnesses, and to compel the production of books, papers, records, and other tangible things.

N.C. Gen. Stat. § 97-80(b) (1999). In light of the foregoing Act provision, Rule 612(2) is entirely consistent with the Act.

Additionally, we hold that Rule 612(2) does aid in carrying out the provisions of the Act. The manifest purpose of the Act is to provide a swift and certain remedy to an injured worker. *See Radzidz v. Harley Davidson of Metrolina, Inc.*, 346 N.C. 84, 484 S.E.2d 566 (1997). Rule 612(2) allows the Commission to assess costs against an attorney or party who slows the litigation process by refusing to stipulate to medical records, thus requiring the added expense and time of a deposition. Thus, where the authenticity itself is not at issue, Rule 612(2) aids in carrying out the provisions and manifest purpose of the Act. Therefore, it is not inconsistent with North Carolina law.

We note that stipulating to the record's authenticity is not the same as stipulating to the accuracy of the diagnosis or prognosis. A stipulation under these circumstances does not preclude taking a deposition, calling the author as a witness or introducing contrary evidence. Unlike the cases cited by plaintiff, there is no denial of the constitutional right to cross-examine witnesses or other deprivation of plaintiff's right to have his case fully determined. We accordingly hold Rule 612(2) is valid as a matter of law.

[3] Plaintiff next argues Rule 612(2) does not apply here because the initial refusal to stipulate did not require the hearing to be reset or depositions to be taken. We reject plaintiff's argument, however, because under the plain language of Rule 612(2), attorney fees may be awarded when depositions are "ordered." At the 8 July 1999 hearing, Deputy Commissioner Dollar "ordered" Levey's deposition be taken. Dillon thereafter expended time and effort. The fact the deposition was never taken has no bearing on the applicability of Rule 612(2).

**[4]** Lastly, plaintiff contends the Full Commission abused its discretion in imposing costs and attorney fees. The standard of review for an award of attorney fees by the Commission is abuse of discretion. *Hauser v. Advanced Plastiform, Inc.,* 133 N.C. App. 378, 385, 514 S.E.2d 545, 550 (1999) (*citing Childress v. Trion, Inc.,* 125 N.C. App. 588, 590, 481 S.E.2d 697, 698, *disc. review denied,* 346 N.C. 276, 487 S.E.2d 541 (1997)). The Commission had the authority under Rule 612(2) to assess attorney fees against plaintiff's counsel for failing to stipulate to Levey's evaluation. Additionally, the Commission has authority, generally, to assess sanctions, including reasonable attorney fees, under Rule 802(1), which states:

> Upon failure to comply with any of the aforementioned rules, the Industrial Commission may subject the violator to any of the sanctions outlined in Rule 37 of the North Carolina Rules of Civil Procedure, including reasonable attorney fees to be taxed against the party or his counsel whose conduct necessitates the order.

Workers' Comp. R. of N.C. Indus. Comm'n 802.

In the instant case, Adams initially refused to stipulate to Levey's report. When counsel did change his mind, he failed to notify Dillon. Defense counsel therefore continued to try to locate Levey in Arizona and then spent even more time and money scheduling the deposition. Only when defense counsel contacted plaintiff's counsel to arrange a deposition time did defense counsel learn that he had agreed to stipulate. The Commission did not abuse its discretion in assessing attorney fees. Its decision is supported by the facts and is valid under Rule 612(2), although we note Rule 802(1) is not directly applicable because the action taken by the Commission is fully within the scope of Rule 612(2). We therefore reject this argument.

**[5]** Plaintiff also argues that the time and fee calculation (3.3 hours at $115 per hour and 4.4 hours at $70 per hour) only equals $680, not the $1,000 awarded. Although his mathematical total is approximately correct, there is no requirement that the amount of attorney fees set by the Commission in its discretion under Rule 612 equal any set formula of time or expenditure. We hold the $1,000 attorney fee is not unreasonable and reject plaintiff's second assignment of error.

Accordingly, we affirm the decision of the Commission.

AFFIRMED.

Judges WALKER and McCULLOUGH concur.