HERBERT M. BELL, Employee, Plaintiff v. HYPE MANUFACTURING, LLC, Employer, and AMERICAN ZURICH INSURANCE COMPANY, Carrier, Defendants

No. COA10-952

(Filed 1 March 2011)

**Workers' Compensation— insurance policy—termination valid —nonpayment of premium**

The Industrial Commission did not err in finding and concluding that defendant insurance carrier's preterm cancellation of defendant employer's workers' compensation coverage was

BELL v. HYPE MFG., LLC

[210 N.C. App. 235 (2011)]

valid and effective. A workers' compensation insurance policy may be cancelled by the insurer before the expiation of the term for nonpayment of the premium and defendant employer failed to pay its quarterly premium.

Appeal by Defendant-employer from opinion and award filed 2 June 2010 by the North Carolina Industrial Commission. Heard in the Court of Appeals 10 February 2011.

*No brief for Plaintiff-employee.*

*Leicht & Associates, by Gene Thomas Leicht and Lynn A. Key, for Defendant-employer.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Kelli A. Burns and M. Duane Jones, for Defendant-carrier.*

STEPHENS, Judge.

On 17 April 2008, Plaintiff-employee Herbert M. Bell filed a claim for workers' compensation benefits, alleging a compensable injury sustained in the course of his employment with Defendant-employer Hype Manufacturing, LLC, on 28 September 2006. On 9 July 2008, Defendant-carrier American Zurich Insurance Company denied coverage for the claim, asserting a lapse in Hype's coverage. On 2 September 2008, Hype moved to join American Zurich as a necessary and proper party. By order filed 4 September 2008, the deputy commissioner allowed the motion. Hype and Bell reached a settlement of all claims between them on 26 March 2009.

On 29 July 2009, a hearing was held before the deputy commissioner on issues including whether Hype had insurance through American Zurich on the date of Bell's injury and whether American Zurich was obligated to indemnify Hype for its settlement agreement with Bell. In an opinion and award issued 1 December 2009, the deputy commissioner denied Hype's claim for reimbursement after finding that American Zurich had cancelled its workers' compensation policy with Hype such that the policy was not in effect when Bell was injured. Hype appealed to the Full Commission. After reviewing the case on 8 April 2010, the Full Commission entered an opinion and award on 2 June 2010 affirming the decision of the deputy commissioner with minor modifications. From this opinion and award, Hype appeals. Bell is not a party to this appeal. As discussed below, we affirm.

BELL v. HYPE MFG., LLC

[210 N.C. App. 235 (2011)]

Hype, a California corporation, expanded its operations in 2006 by opening two facilities in North Carolina in association with its operation of a NASCAR race team. In May 2006, Hype secured a workers' compensation insurance policy with American Zurich with a policy period of 17 May 2006 to 17 May 2007. Hype was required to submit a premium deposit of $13,581.00 when it submitted its application. The policy covered Hype's facilities in Statesville and Murphy.

On 21 July 2006, American Zurich mailed a premium bill to Hype at its California headquarters stating that a quarterly premium installment of $4,526.00 was due by 17 August 2006. This amount represented one-third of the balance of the policy's cost after payment of the premium deposit. On 28 July 2006, American Zurich mailed Hype a request for various financial documents. In response, Hype's insurance agent responded by email to Susie Smith, American Zurich's account manager underwriter, stating that Hype did not have the requested documents. In addition, Hype's agent advised Smith that Hype's Statesville location would be closed effective 1 August 2006 and requested a premium adjustment. On 21 August 2006, Smith entered premium adjustment changes into American Zurich's computer system as requested. The result was a reduction of Hype's total estimated premium, effective 14 August 2006. Hype did not make an installment payment on or before 17 August 2006.

On 23 August 2006, Smith issued a request to American Zurich's underwriting department to initiate a cancellation of Hype's workers' compensation coverage. As a result, on 24 August 2006, American Zurich sent Hype a notice of cancellation, effective 11 September 2006. The stated reason for cancellation was nonpayment of the premium due 17 August 2006, along with a past due premium notice in the amount of $4,526.00. Hype received this mailing on 25 August 2006, and, on 28 September 2006, Hype's accounting department processed and paid the past due amount of $4,526.00 which American Zurich received and deposited. American Zurich then reinstated Hype's coverage with a policy effective date of 29 September 2006. Bell, who worked as a machinist for Hype, sustained an injury by accident to his back when he fell while descending a ladder on 28 September 2006. American Zurich contends, and the Full Commission concluded, that a lapse in Hype's coverage existed from 11 through 28 September 2006.

On appeal, Hype brings forward two issues: whether the Commission erred in finding and concluding that American Zurich's

attempted pre-term cancellation of its workers' compensation coverage was valid and effective, and whether American Zurich is bound by the good faith settlement entered into by Hype and Bell.

### Standard of Review

It is well-established that

[t]he Workers' Compensation Act provides that the Industrial Commission is the sole judge of the credibility of the witnesses and the weight of the evidence. N.C.G.S. § 97-84,-85, -86 (2005); *Adams v. AVX Corp.*, 349 N.C. 676, 680-81, 509 S.E.2d 411, 413 (1998) (citing *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965)). We have repeatedly held that the Commission's findings of fact "are conclusive on appeal when supported by competent evidence, even though there be evidence that would support findings to the contrary." *E.g. Jones v. Myrtle Desk Co.*, 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965) (per curiam). Further, "[t]he evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." *Adams*, 349 N.C. at 681, 509 S.E.2d at 414 (citation omitted); *accord Deese v. Champion Int'l Corp.*, 352 N.C. 109, 115, 530 S.E.2d 549, 553 (2000). Appellate review of an opinion and award from the Industrial Commission is generally limited to determining "(1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." *Clark v. Wal-Mart*, 360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005) (citing *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E.2d 374, 379 (1986)).

*Davis v. Harrah's Cherokee Casino*, 362 N.C. 133, 137-38, 655 S.E.2d 392, 394-95 (2008). We review alleged errors of law by the Full Commission *de novo*. *Hawley v. Wayne Dale Constr.*, 146 N.C. App. 423, 427, 552 S.E.2d 269, 272 (2001).

### Analysis

Hype first argues that the Commission erred in finding and concluding that American Zurich's attempted pre-term cancellation of its workers' compensation coverage was valid and effective. We disagree.

Cancellation of a workers' compensation policy is governed by N.C. Gen. Stat. § 58-36-105, which provides in pertinent part:

(a) No policy of workers' compensation insurance or employers' liability insurance written in connection with a policy of workers' compensation insurance shall be cancelled by the insurer before the expiration of the term or anniversary date stated in the policy and without the prior written consent of the insured, except for any one of the following reasons:

(1) Nonpayment of premium in accordance with the policy terms.

N.C. Gen. Stat. § 58-36-105 (2010). In addition, American Zurich's policy issued to Hype specified that it could not be cancelled without Hype's prior written consent except for various reasons, one of which was "[n]onpayment of premium in accordance with the policy terms."

In its brief, Hype contends that the Commission erred in making findings of fact 7, 9, 12 and 13, which state:

7. The terms of the Hype Manufacturing workers' compensation policy called for an initial 50% deposit of $13,583.00[1] with three future installments of $4,526.00 to be paid quarterly.

. . .

9. The three quarterly installment premium payments of $4,526.00 were to be due on August 17, 2006, November 17, 2006, and February 17, 2007, per agreement of the parties.

. . .

12. Hype Manufacturing's request for a premium reduction was processed on August 21, 2006 and the premium was reduced by $2,193.00[2] effective August 14, 2006. A copy of the amendment to the policy was mailed to Hype Manufacturing on August 21, 2006. The language in the statement Hype Manufacturing received stated that the premium adjustments would be reflected on the next billing cycle, which was November 17, 2006.

13. Pursuant to the policy, Hype Manufacturing was required to pay all premiums when due. Hype Manufacturing did not pay the $4,526.00 quarterly premium due on August 17, 2006, or any portion of it, by the due date.

---

1. The record indicates that the policy actually called for an initial 50% deposit of $13,581.00, rather than $13,583.00.

2. Our review of the record, including the parties' stipulated exhibits, indicates that the premium was reduced by $7,193.00 rather than the $2,193.00 amount quoted in the opinion and award.

Specifically, Hype asserts that the "Premium Due Date Endorsement" is ambiguous about when premium payments are due and that the premium adjustment it requested and received absolved it of making an installment payment in some amount due 17 August 2006. However, upon careful review of the record and Hype's brief, it appears that Hype is not, with a small exception, asserting that these findings are not supported by competent evidence in the record. Instead, Hype appears to be rearguing its case to this Court and asking that we re-weigh the evidence in order to reach a different conclusion than the Full Commission. As noted above, this is not our task.

Hype acknowledges that the North Carolina Rate Bureau's deposit premium table, which specifies billing methods and practices, mandates a minimum of 50% as a premium deposit and three additional equal payments to be made quarterly for policies with estimated annual premiums in excess of $10,000.00 such as Hype's policy here. Hype made a premium deposit of 50% of the estimated annual premium, and then received a 21 July 2006 notice for an installment payment of $4,526.00 due 17 August 2006. This bill included a statement that, if Hype disputed the amount due, it must send written documentation of the dispute to American Zurich by the payment due date and also pay the undisputed portion of the installment by the due date. American Zurich processed the request by Hype on 21 August 2006, reducing the premium by $7,193.00, and made the change effective as of 14 August 2006. Thus, although Hype requested a premium reduction on 14 August 2006, it did not make any part of the installment payment by the due date, 17 August 2006. Because Hype had closed one facility but increased payroll at the remaining location, no final determination of the new premium amount was made until after the 17 August 2006 installment due date. In any event, the new total annual premium was $19,968.00 and Hype had paid only $13,581.00 in its initial deposit. Thus, even after the adjustment, under the terms of the Rate Bureau's table, Hype would have owed three quarterly installments of at least $2,129.00, a sum which had not been and could not have been determined as of 17 August 2006 when the premium installment came due.

Hype does argue that the Commission erred in finding 12 when it stated that Hype's premium was reduced by $2,193.00, when the evidence shows the reduction was $7,193.00. However, we believe this to be a mere clerical error, with the Commission typing a "2" in place of the correct "7." Even if this portion of finding 12 were actual error, it would not alter the Commission's conclusions of law. Regardless of

UNIVERSAL INS. CO. v. PATTERSON

[210 N.C. App. 241 (2011)]

the amount of reduction, Hype still owed an outstanding balance as of 17 August 2006 and by the terms of the Rate Bureau table, it owed an installment payment of one-third of that amount. Yet it paid nothing by the due date. Thus, American Zurich's pre-term cancellation of Hype's workers' compensation coverage was both valid and effective.

Competent evidence in the record supports these findings, which, in turn, support the Commission's conclusions of law. Further, because Hype's second argument, that American Zurich is bound by the good faith settlement entered into by Hype and Bell, is premised on its first, we need not address it. Accordingly, the Commission's opinion and award is affirmed.

AFFIRMED.

Judges GEER and McCULLOUGH concur.