VANESSA THOMPSON, Employee-Plaintiff v. TYSON FOODS, INC., Self-Insured, Employer-Defendant

No. COA94-959

(Filed 5 July 1995)

1. **Workers' Compensation § 206 (NCI4th)— back-related occupational disease—no causal connection to employment**

   Evidence was sufficient to support the Industrial Commission's finding that plaintiff did not develop a back-related occupational disease as a result of repetitive motion while working for defendant where the evidence tended to show that any back problem which plaintiff had resulted from her prior employment and was not the result of or aggravated by her employment with defendant.

   **Am Jur 2d, Workers Compensation §§ 326, 328**

   **Pleading aggravation of pre-existing physical condition. 32 ALR2d 1447.**

2. **Workers' Compensation § 164 (NCI4th)— injury by accident or specific traumatic incident—insufficieny of evidence**

   The Industrial Commission did not err in its findings and conclusion that plaintiff did not sustain an injury by accident or by specific traumatic incident while employed by defendant where the evidence showed that plaintiff injured her back during her previous employment; she was treated for back pain over a period of time; she could not remember exactly when she began to experience back pain during her employment with defendant,

**THOMPSON v. TYSON FOODS, INC.**

[119 N.C. App. 411 (1995)]

nor was she sure exactly when she reported the pain to her supervisor; and the pain which she experienced during her employment with defendant was in the same area of her back that had been injured during her prior employment.

**Am Jur 2d, Automobiles and Highway Traffic §§ 323, 328.**

Appeal by plaintiff from Opinion and Award of the North Carolina Industrial Commission filed 16 May 1994. Heard in the Court of Appeals 12 May 1995.

*Harry B. Crow, Jr. for plaintiff-appellant.*

*Brooks, Stevens & Pope, P.A., by Robert H. Stevens, for defendant-appellee.*

WALKER, Judge.

Plaintiff began working for defendant on 14 October 1991 cutting chicken wings at defendant's Monroe, North Carolina plant. Plaintiff was terminated on 17 December 1991 for poor job performance. On 14 October 1992, plaintiff filed a Notice of Accident (I.C. Form 18) alleging that she had suffered an injury to her lower back as a result of "repetitive motion as [she] was performing [her] job of cutting chicken wings." The Form 18 alleged that plaintiff's disability began on 15 October 1991, the day after she began working for defendant. Defendant denied liability, and on 10 November 1992, plaintiff filed a Request that Claim Be Assigned For Hearing (I.C. Form 33). The matter was heard before a deputy commissioner on 10 March 1993. Deposition testimony was taken subsequent to the hearing, and the record was closed on 15 July 1993. On 30 August 1993, the deputy commissioner filed an Opinion and Award denying plaintiff's claim. On appeal, the Full Commission modified some of the deputy commissioner's findings and conclusions but affirmed the denial of plaintiff's claim. The Commission found the following:

10. Plaintiff performed no duties outside of her normal work routine. Therefore, plaintiff's back condition was not caused by, nor was it aggravated by an injury by accident.

11. Plaintiff was unable to identify any traumatic incident occurring at a cognizable time. Therefore, plaintiff's back condition was not caused by, nor was it aggravated by a specific traumatic incident.

12. Plaintiff did not develop a back related occupational disease as a result of her repetitive duties while working for defendant. Therefore, any reduction in plaintiff's wage earning incapacity [sic] is not related to her period of employment with defendant.

The Commission then concluded:

1. As a result of her employment with defendant, plaintiff did not sustain an injury by accident. . . .

2. As a result of her employment with defendant, plaintiff did not sustain a back related occupational disease. . . .

[1]  We first address plaintiff's argument that the Commission erred in its finding and conclusion that plaintiff did not sustain a back-related occupational disease as a result of her repetitive duties while working for defendant. To prove the existence of a compensable occupational disease under N.C. Gen. Stat. § 97-53(13), a plaintiff must prove that: (1) the disease is characteristic of the trade or occupation; (2) the disease is not an ordinary disease of life to which the public is equally exposed outside of the employment; and (3) there is a causal connection between the disease and the employment. *Hansel v. Sherman Textiles*, 49 N.C. App. 1, 6, 270 S.E.2d 585, 588 (1980), *rev'd on other grounds*, 304 N.C. 44, 283 S.E.2d 101 (1981). We need not discuss the first two elements, because we find that plaintiff did not meet her burden of showing a causal connection between her back injury and her employment with defendant.

Plaintiff's medical evidence included the office notes of Dr. Lehman, who treated plaintiff from November 1991 until April 1992. On 15 November 1991, Dr. Lehman examined plaintiff and noted that she "apparently strained the lower thoracic area at work about four weeks ago related to pulling chicken wings at Tyson's." He found she had "a localized area of tenderness at the upper thoracic area and a paraspinal muscle or trapezius area." He diagnosed plaintiff's condition as "myofascial thoracic pain, job related; possible early carpal tunnel syndrome."

Defendant's expert, Dr. Wheeler, testified that he examined plaintiff in March 1993 and that, in his opinion, plaintiff's back condition was not caused by her employment with defendant but originated in April 1990 while plaintiff worked as a battery filler for another employer. He testified that plaintiff's employment with defendant "didn't cause the initial injury. She had a condition when she went there. . . ." Dr. Wheeler further testified that the five percent perma-

nent partial disability rating he gave plaintiff was "based on whatever happened when she was filling batteries" and was attributable to her prior employment. Dr. Wheeler stated that to the extent plaintiff's condition may have been aggravated by her employment with defendant, that aggravation did not result in additional permanency over the pre-existing five percent. When asked how much of the five percent rating was caused by aggravation, Dr. Wheeler responded, "None."

After weighing the evidence of both parties, the Commission concluded that plaintiff did not sustain a back-related occupational disease as a result of her employment with defendant. The Commission is the sole judge of the weight and credibility of testimony, and its findings may be set aside on appeal only if there is a complete lack of evidence to support them. *Mayo v. City of Washington*, 51 N.C. App. 402, 406, 276 S.E.2d 747, 750 (1981). We hold there was competent evidence supporting the Commission's finding and conclusion that plaintiff did not develop a back-related occupational disease as a result of repetitive motion while working for defendant.

[2] We next address plaintiff's argument that the Commission erred in its findings and conclusion that plaintiff did not sustain an injury by accident or by specific traumatic incident. We note that plaintiff's initial claim for compensation was not based on injury by accident or by specific traumatic incident; rather, on Form 18, plaintiff stated she suffered from an occupational disease caused by the repetitive motion of cutting chicken wings. In addition, as to the nature of plaintiff's claim, plaintiff's attorney contended at the hearing that plaintiff experienced an injury due to repetitive shifting and twisting and therefore suffered from an occupational disease. However, the Commission, in considering the evidence, did not limit its findings and conclusions to the issue of whether plaintiff suffered an occupational disease, but also considered whether plaintiff had suffered an injury by accident or by specific traumatic incident. The Commission found that the evidence did not support these claims, and its findings of fact are binding on appeal if they are supported by any competent evidence. *Thompson v. Burlington Industries*, 59 N.C. App. 539, 542, 297 S.E.2d 122, 124 (1982), *cert. denied*, 307 N.C. 582, 299 S.E.2d 650 (1983).

To succeed on a claim of injury by accident, plaintiff had to show that her injury resulted from some new circumstance not a part of her usual work routine. *Swindell v. Davis Boat Works*, 78 N.C. App. 393, 397, 337 S.E.2d 592, 594 (1985), *cert. denied and appeal dismissed*,

316 N.C. 385, 342 S.E.2d 908 (1986). Injury by accident "shall not include a disease in any form, except where it results naturally and unavoidably from the accident." N.C. Gen. Stat. § 97-2(6) (1991 & Cum. Supp. 1994). However,

> [w]ith respect to back injuries, . . . where injury to the back arises out of and in the course of the employment and is the direct result of a specific traumatic incident of the work assigned, "injury by accident" shall be construed to include any disabling physical injury to the back arising out of and causally related to such incident.

*Id.*

The evidence showed that plaintiff injured her back in April 1990 during her previous employment. She was treated for back pain over a period of time. When plaintiff was hired by defendant, she underwent a one-week orientation program, after which she began cutting chicken wings. Plaintiff could not remember exactly when she began to experience back pain, nor was she sure exactly when she reported the pain to her supervisor. The pain which plaintiff experienced during her employment with defendant was in the same area of her back that had been injured during plaintiff's prior employment. We hold there was competent evidence to support the Commission's findings and conclusion that plaintiff's back condition was neither caused by nor aggravated by an injury by accident or by specific traumatic incident.

Affirmed.

Judges COZORT and JOHN concur.