STATE OF NORTH CAROLINA ex rel. COMMISSIONER OF INSURANCE, Appellee v. NORTH CAROLINA RATE BUREAU, Appellant IN THE MATTER OF A FILING DATED 1 FEBRUARY 1994 BY THE NORTH CAROLINA RATE BUREAU FOR REVISED AUTOMOBILE INSURANCE RATES—PRIVATE PASSENGER CARS AND MOTORCYCLES

(29 December 1998)

No. COA98-149

## 1. Insurance— automobile rates—income—capital and surplus

The Insurance Commissioner improperly considered income from capital and surplus in arriving at his total return in an order reducing rates for automobiles and increasing rates for motorcycles.

## 2. Insurance— rate making—retroactive—appellate remand

An order of the Insurance Commissioner on 10 September 1997 setting rates for automobile and motorcycle insurance to be effective 1 January 1995 did not constitute unlawful retroactive rate making where the order was pursuant to an appellate remand. To hold otherwise would bind the parties to a rate declared invalid for a period between the entry of the appealed order and the rehearing on remand; this is inconsistent with the purpose of the remand order and cannot represent sound public policy.

STATE ex rel. COMM'R OF INS. v. N.C. RATE BUREAU

[131 N.C. App. 874 (1998)]

Appeal by the North Carolina Rate Bureau from Order on Remand dated 10 September 1997 by the Commissioner of Insurance. Heard in the Court of Appeals 20 October 1998.

*Young Moore and Henderson P.A., by R. Michael Strickland, Marvin M. Spivey, Jr., William M. Trott, and Terryn D. Owens, for the appellant.*

*North Carolina Department of Insurance, by Kristin K. Eldridge and Sherri L. Hubbard, for the appellee.*

GREENE, Judge.

The North Carolina Rate Bureau (Rate Bureau) appeals from an Order of the North Carolina Commissioner of Insurance (Commissioner) entered 10 September 1997.

On 1 February 1994, the Bureau filed a general request for increased rates for private passenger automobiles and motorcycles. In response to the request, the Commissioner held a comprehensive hearing during the summer of 1994 and entered an Order, dated 28 September 1994, reducing rates for automobiles and increasing rates for motorcycles (effective 1 January 1995), but in an amount less than that requested by the Bureau. The Bureau appealed the 28 September 1994 Order to this Court and pursuant to N.C. Gen. Stat. § 58-36-25(b), directed its member companies to implement a new automobile rate and escrow the portion of the rate in excess of that actually approved by the Commissioner. On 17 December 1996, this Court affirmed in part, vacated in part, and remanded the 28 September 1994 Order of the Commissioner. On remand, the Commissioner was to: (1) "make specific findings that clearly show the facts upon which he based his decision that the rate contains a 4.96% margin for dividends and deviations"; (2) recalculate the underwriting profit provisions so as to "exclude investment income earned on capital and surplus"; and (3) make specific findings resolving the conflict in the evidence with respect to the current cost and expense trend provisions. *State ex rel. Comr. of Ins. v. N.C. Rate Bureau,* 124 N.C. App. 674, 684, 686, 696, 478 S.E.2d 794, 801, 802, 808 (1996), *disc. review denied,* 346 N.C. 184, 486 S.E.2d 217 (1997).

On 10 September 1997, the Commissioner, without further hearings, entered an Order directing that the rates set in his 28 September 1994 Order be "superseded" and new rates set in an amount less than those set in the 28 September 1994 Order. The Bureau was directed to

have its member companies adjust their escrow accounts held pursuant to the 1994 filing to "reflect the difference between the Commissioner's revised ordered rates" and the "rates charged by the member companies" during the period in question.

[1] The Bureau's appeal presents two primary issues, each of which has recently been addressed by this Court. In *State ex rel. Comr. of Ins. v. N.C. Rate Bureau*, 129 N.C. App. 662, 501 S.E.2d 681 (1998), the majority[1] of the Court held that the Commissioner, utilizing the same methods for determining the rates as used in this case, "improperly considered income from capital and surplus in arriving at his total return." *Id.* at ——, 501 S.E.2d at 685. We also held that the findings of the Commissioner, essentially the same as entered in this case, adequately reflected consideration of expected values for policyholder dividends and rate deviations. *Id.* at ——, 501 S.E.2d at 687.

[2] The Bureau asserts an additional argument that was not raised or addressed in our previous opinion. It argues the Commissioner had no authority to Order, on 10 September 1997, that the new rates be applied effective 1 January 1995 because this constitutes unlawful retroactive rate making. We acknowledge the general principle that retroactive rate making is improper. *Utilities Comm. v. Edmisten, Atty. General*, 291 N.C. 451, 468, 232 S.E.2d 184, 194 (1977). The recalculation of rates, however, pursuant to a remand order of an appellate court and the application of those rates back to the effective date of the Order reversed on appeal does not constitute unlawful retroactive rate making. To hold otherwise essentially would bind the parties, for ·a period of time between the entry of the appealed Order and the rehearing on remand pursuant to the appellate court, to a rate declared invalid by the appellate court. This cannot represent sound public policy; and, furthermore, is inconsistent with the purpose of the remand order, which is to correct the error requiring the remand. Accordingly, the 10 September 1997 Order does not constitute an unlawful retroactive rate increase.

We have reviewed, but reject the other arguments asserted by the Bureau. Because the Commissioner "improperly considered income from capital and surplus in arriving at his total return," the 10 September 1997 Order is reversed and remanded for the recalculation of rates.

1. Judge Greene dissented on the capital and surplus issue, but is bound in this case to follow the holding of the majority in *Rate Bureau. See In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989).

**STATE EX REL. COMM'R OF INS. v. N.C. RATE BUREAU**

[131 N.C. App. 874 (1998)]

Reversed and remanded.

Judges WALKER and SMITH concur.