JIMMY D. FOSTER, EMPLOYEE, PLAINTIFF v. CAROLINA MARBLE AND TILE COMPANY, INC., EMPLOYER, AND AMERICAN STATES INSURANCE COMPANY, CARRIER, DEFENDANTS

No. COA98-586

(Filed 2 March 1999)

1. **Workers' Compensation— evidence—weight given by Commission—credibility**

   The Industrial Commission did not err in a workers' compensation action in which it reversed the Deputy Commissioner and awarded continuing benefits by not according more weight to the testimony of two physicians with respect to plaintiff's ability to work or by failing to defer to credibility determinations made by the Deputy Commissioner. The applicable standard of review does not afford the Court of Appeals the ability to judge the weight that the Commission has chosen to assign certain evidence and the Commission is not required to defer to credibility determinations by the Deputy Commissioner.

2. **Workers' Compensation— Form 21 agreement—mistake of law**

   An Industrial Commission decision in a workers' compensation case to uphold a Form 21 agreement awarding compensation for tinnitus was affirmed even though defendants argued that plaintiff was not entitled to compensation for tinnitus or hearing loss pursuant to N.C.G.S. § 97-53(28)(c). Any alleged mistake in

entering into the Form 21 agreement was a mistake of law, which does not affect the validity of the contract, there being no evidence of fraud, misrepresentation, undue influence, or abuse of a confidential relationship.

**3. Workers' Compensation— presumption of continuing disability—finding that presumption not rebutted—conflicting evidence**

An opinion of the Industrial Commission in a workers' compensation case was affirmed where the Commission found that defendants failed to rebut the presumption of plaintiff's continued disability even though there was conflicting testimony. It was the Commission's function to weigh the testimony.

Appeal by defendants from opinion and award of the North Carolina Industrial Commission filed 21 January 1998. Heard in the Court of Appeals 11 January 1999.

*Celeste M. Harris for plaintiff-appellee.*

*Moreau, Marks & Gavigan, PLLC, by W. Timothy Moreau, for defendant-appellants.*

MARTIN, Judge.

Defendants appeal from an opinion and award of the North Carolina Industrial Commission awarding plaintiff continuing compensation for temporary total disability. Evidence in the record tends to show that plaintiff has been employed by defendant Carolina Marble & Tile since about 1986 or 1987; his employment has included tile work, renovation work, and brick work. In December 1991, plaintiff complained of headaches and ringing in his ears after several days of jackhammer use, and working where jackhammers were in use, at a particular job site.

On 15 January 1992 plaintiff began treatment with Dr. Ann Bogard, who specializes in ear, nose, and throat disorders. Dr. Bogard diagnosed plaintiff's tinnitus, and an audiogram revealed that plaintiff was experiencing hearing loss in his right ear due to work-related noise exposure. Since that time plaintiff has continued to seek treatment from Dr. Bogard for his hearing loss, tinnitus, and subsequent symptoms of vertigo. Plaintiff has been heavily medicated for his conditions, and contends that such medications have interfered with all

aspects of his life, including his ability to drive, sleep, concentrate, and perform simple tasks. Since 1994 plaintiff has also been under psychiatric treatment in order to learn to cope with tinnitus-related depression and anxiety. Plaintiff has been evaluated by other doctors who agree that plaintiff has suffered from hearing disorders, but who hold varied opinions as to plaintiff's employability. Dr. Bogard testified, however, that plaintiff has not improved, is not likely to get better, and, in light of his condition and necessary medication, plaintiff should not work.

Plaintiff was employed by defendant Carolina Marble & Tile until 20 April 1992. In July 1992, the parties entered into a Form 21 Agreement, approved by the Industrial Commission on 5 October 1992, wherein defendants agreed to pay plaintiff temporary total disability benefits as needed for his tinnitus and hearing loss. In March 1995 defendants filed a Form 33 Request for Hearing seeking to stop the payment of benefits. The deputy commissioner entered an opinion and award authorizing defendants to cease paying plaintiff benefits pursuant to the Form 21 Agreement and receive credit for amounts paid after 12 July 1994 with respect to any future compensation which might be awarded.

On appeal the Full Commission reversed, concluding plaintiff was entitled to receive continuing benefits as provided by the Form 21 Agreement until he returned to suitable employment or until further order of the Commission. Defendants appeal.

---

[1] Defendants first argue the Commission erred in not according more weight to the testimony of two physicians with respect to plaintiff's ability to work, and in failing to defer to credibility determinations made by the deputy commissioner as to such testimony and the testimony of plaintiff. It is well established, however, that our role in reviewing decisions of the Commission is strictly limited to the two-fold inquiry of (1) whether there is competent evidence to support the Commission's findings of fact; and (2) whether these findings of fact justify the Commission's conclusions of law. *Beaver v. City of Salisbury*, 502 N.C. App. 885, 502 S.E.2d 885, 887 (1998). This standard of review does not afford this Court the ability to judge the weight that the Commission has chosen to assign certain evidence; the Commission "is the sole judge of the weight and credibility of testimony . . . ." *Thompson v. Tyson Foods, Inc.*, 119 N.C. App. 411, 414, 458 S.E.2d 746, 748 (1995). *See also, Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 144 S.E.2d 272 (1965).

Plaintiff relies on *Sanders v. Broyhill Furniture Indus.*, 124 N.C. App. 637, 478 S.E.2d 223 (1996), *disc. review denied*, 346 N.C. 180, 486 S.E.2d 208 (1997), for the proposition that the Full Commission must give appropriate deference to credibility determinations of the deputy commissioner. However, our Supreme Court recently over-ruled *Sanders*, stating:

> Whether the full Commission conducts a hearing or reviews a cold record, N.C.G.S. § 97-85 places the ultimate fact-finding function with the Commission—not the hearing officer. It is the Commission that ultimately determines credibility, whether from a cold record or from live testimony. Consequently, in reversing the deputy commissioner's credibility findings, the full Commission is not required to demonstrate, as *Sanders* states, "that sufficient consideration was paid to the fact that credibility may be best judged by a first-hand observer of the witness when that observation was the only one." *Sanders*, 124 N.C. App. at 641, 478 S.E.2d at 226.

*Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998).

**[2]** Defendants next argue that the Commission erred in failing to set aside the Form 21 Agreement as being contrary to state law. Specifically, defendants argue that plaintiff is not entitled to compensation for tinnitus or hearing loss pursuant to G.S. § 97-53(28)(c) which provides:

> No compensation benefits shall be payable for temporary total or temporary partial disability under this subdivision and there shall be no award for tinnitus or a psychogenic hearing loss.

N.C. Gen. Stat. § 97-53(28)(c) (1997). As such, defendants contend the Commission was obligated in the interest of equity to set aside the agreement affording plaintiff compensation.

It is well established that in order to disturb the binding force of a contract, there must exist a mutual mistake as to a material fact comprising the essence of the agreement. *Mullinax v. Fieldcrest Cannon, Inc.*, 100 N.C. App. 248, 395 S.E.2d 160 (1990). "A mutual mistake of fact is a mistake 'common to both parties and by reason of it each has done what neither intended.'" *Swain v. C & N Evans Trucking Co., Inc.*, 126 N.C. App. 332, 335, 484 S.E.2d 845, 848 (1997) (citation omitted). G.S. § 97-17 specifically provides the Commission with the authority to set aside a Form 21 Agreement entered into

upon a mutual mistake of fact. N.C. Gen. Stat. § 97-17 (1997). A mistake of law, however, unless accompanied by fraud, misrepresentation, undue influence, or abuse of a confidential relationship, " 'does not affect the validity of a contract.' " *Swain* at 335, 484 S.E.2d at 848 (citation omitted).

In *Swain*, this Court was faced with a similar issue as to whether the Commission should have set aside a Form 21 Agreement allegedly containing an error in the computation of the plaintiff's "average weekly wages" under the Act. *Id.* at 336, 484 S.E.2d at 848. The Court noted that because the parties needed to look to the Act, as well as the caselaw construing the Act, in order to determine the correct amount of the plaintiff's average weekly wages, it held the issue to be one of law, not fact. *Id.* Thus, the mistake was one of law, and in the absence of evidence of fraud, misrepresentation, undue influence, or abuse of a confidential relationship, there was no valid basis upon which to set aside the Form 21 Agreement.

Applying the reasoning of *Swain* to the facts before us, we likewise hold the issue of whether plaintiff was entitled to compensation for tinnitus or hearing loss was one of law, properly resolved through an analysis of both the text of the Act as well as caselaw interpreting the Act. Any alleged mistake in entering into the Form 21 Agreement was a mistake of law, and, there being no evidence of fraud, misrepresentation, undue influence, or abuse of a confidential relationship, the Commission's decision to uphold the agreement will be affirmed.

[3] Finally, defendants argue the Commission erred in finding that defendants had failed to rebut the presumption of plaintiff's continued disability. An approved Form 21 Agreement creates the presumption of an employee's continued disability. *Kisiah v. W.R. Kisiah Plumbing, Inc.*, 124 N.C. App. 72, 476 S.E.2d 434 (1996), *disc. review denied*, 345 N.C. 343, 483 S.E.2d 169 (1997). Once the presumption attaches, the employer has the burden of establishing that the plaintiff is employable. *Id.* Moreover, the Commission's findings of fact on this issue are binding on appeal if there is any competent evidence in the record to support them. *Lowe v. BE & K Construction Co.*, 121 N.C. App. 570, 468 S.E.2d 396 (1996).

While there was certainly competent evidence in the record which would have supported a finding that plaintiff had regained the ability to work, there also exists competent evidence to support the Commission's findings and conclusion that plaintiff continues to be

LOWERY v. LOCKLEAR CONSTR.

[132 N.C. App. 510 (1999)]

disabled. *See Lineback v. Wake County Board of Commissioners*, 126 N.C. App. 678, 486 S.E.2d 252 (1997) (Commission's findings conclusive on appeal when supported by competent evidence, even though record contains competent evidence to the contrary). Dr. Bogard opined that plaintiff should not return to work in his capacity as a tile setter, regardless of whether the noise factor could be reduced. Dr. Bogard stated that, "in good faith we've tried to help this patient and get him better so he can go back to work, and it's not worked out," and "the situation hasn't cleared up and he's still on medication and it's not likely to get better." Dr. Bogard further testified, in response to a question regarding whether any job would be suitable for plaintiff, that unless changes could be made in plaintiff's medication, plaintiff should not work. She stated that plaintiff's problems have not resolved, that plaintiff "still has tinnitus, he still has hearing loss" and that "those things alone are enough to keep him from working, and the medication he has to take on a regular basis." It was the Commission's function, not ours, to weigh this testimony as well as that opposing it; the testimony supports the Commission's findings which, in turn, support its conclusion that defendants have failed to rebut the presumption of continuing disability. The opinion and award of the Industrial Commission is affirmed.

Affirmed.

Chief Judge EAGLES and Judge McGEE concur.