SMYTHE v. WAFFLE HOUSE

[182 N.C. App. 754 (2007)]

––––––––––––––––

MONA LISA SMYTHE, EMPLOYEE, PLAINTIFF v. WAFFLE HOUSE, EMPLOYER SELF-INSURED (OSTEEN ADJUSTING SERVICES, INC.), SERVICING AGENT, DEFENDANTS

No. COA06-703

(Filed 17 April 2007)

**Workers' Compensation— case vacated after remand—no new findings or conclusions**

The Industrial Commission did not err in a workers' compensation case by reinstating an award to plaintiff of full disability benefits on remand without making findings or conclusions. The

remand included orders to vacate a settlement agreement and was not for reconsideration of the case with new findings and conclusions. Independent fact-finding and conclusions of law would have been inappropriate.

Appeal by defendants from an opinion on remand entered 10 February 2006 by the North Carolina Industrial Commission. Heard in the Court of Appeals 5 February 2007.

*Ganly & Ramer, by Thomas F. Ramer, for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Shelley W. Coleman and M. Duane Jones, for defendant-appellants.*

HUNTER, Judge.

Employer Waffle House and its insurer Osteen Adjusting Services, Inc. ("defendants") appeal from an Industrial Commission ("Commission") opinion on remand vacating a previously approved settlement agreement, contending that the Commission did not have the authority to reinstate total disability benefits for employee Mona Lisa Smythe ("plaintiff"). After careful review, we affirm the Commission's opinion on remand.

This case has come before the Court of Appeals before. *Smythe v. Waffle House [Smythe I],* 170 N.C. App. 361, 612 S.E.2d 345 (2005). That opinion sets out the facts and procedural history of this case in full. *Id.* at 362-64, 612 S.E.2d at 347-48. In sum, plaintiff sustained an admittedly compensable injury from a fall during her employment by defendant Waffle House. The parties executed a settlement agreement that, as required per statute, was approved by a deputy commissioner from the Commission on 31 May 2001. Plaintiff then requested that the Commission set aside the agreement based on misrepresentations. Eventually the case came before this Court on appeal from the Full Commission's holding that the agreement was valid, and we reversed.

In *Smythe I,* this Court held that the settlement agreement approved by the deputy commissioner was invalid because "the Commission erred by failing to undertake a full investigation to determine if the settlement agreement here was fair and just, as required by N.C. Gen. Stat. §§ 97-17 and 97-82." *Id.* at 364, 612 S.E.2d at 348. Further, the Court held that the agreement did not meet the requirements of Industrial Commission Rule 502(2)(h), which, in addition to

requiring that the Commission find an agreement fair and just before approving it, requires that the agreement contain certain biographical information regarding the employee where she is not represented by counsel, as here. The Court concluded by reversing and remanding the case: "Because the Commission lacked information to make a determination of the agreement's fairness, as required by N.C. Gen. Stat. § 97-17 and Rule 502, we reverse and remand to the Full Commission to enter an order vacating the approval of the settlement agreement, and for further proceedings as necessary." *Id.* at 367, 612 S.E.2d at 350.

On remand following this holding, the Full Commission produced an opinion on remand quoting a portion of the Court's opinion:

Here, the face of the compromise settlement agreement indicates that plaintiff had not returned to work for the same or greater wages and it is undisputed that plaintiff was unrepresented when she entered the agreement in May 2001. Thus, [the] more specific requirements of [Industrial Commission] Rule 502(2)(h) apply to the agreement here. However, the settlement agreement here does not contain any of the information required under Rule 502(2)(h). It contains no mention of plaintiff's age, educational level, past vocational training, or past work experience. . . . [T]his Court held in *Atkins* that it is impermissible for the Commission to determine that a settlement agreement was ["]fair and just["] without the medical records required by Rule 503. 154 N.C. App. at 514, 571 S.E.2d at 867. Likewise, we conclude that [it] is impermissible for the Commission to make a determination regarding the fairness of a settlement agreement without the information required by Rule 502(2)(h).

Defendant argued to the Commission that the parties could comply with the Rule by submitting the missing information, at which point the Commission could properly approve the settlement agreement reached by the parties. The Commission rejected this argument, stating that even if such information were submitted, the Commission could not review the agreement

because the Court of Appeals has found that the settlement agreement is invalid and fails on its face due to the fact that "[i]t contains no mention of plaintiff's age, educational level, past vocational training, or past work experience" as required by Rule 502(2)(h). Thus, in accordance with the directive of the Court of Appeals, the Full Commission finds that the proper course of

action is to vacate the Orders approving the invalid settlement agreement, and return the parties to their status at the time prior to the execution of the agreement.

Thus, the Commission not only vacated the orders approving the settlement agreement, but also returned the claim to active claim status and ordered defendants to reinstate plaintiff's total disability benefits effective 31 May 2001 (i.e., the day the deputy commissioner approved the order that was later found to be in error). Defendants appeal from that order. We affirm the Commission's holding.

Defendants made three assignments of error, each of which claims that a certain portion of the Commission's order is in error on the grounds that its findings of fact and conclusions of law were erroneous and not supported by competent evidence. The three portions are: First, the order in its entirety; second, the portion reinstating plaintiff's total disability benefits; and third, the portion awarding attorney's fees to plaintiff. Although defendants cite to all three of these assignments of errors in its brief, its argument actually addresses only the second. This Court therefore addresses only that argument, as the others are deemed abandoned. N.C.R. App. P. 28(a).

Defendants argue that the Full Commission erred in awarding plaintiff full disability benefits on remand without making findings of fact or conclusions of law to support such an award. This argument is without merit.

Defendants are correct that, normally, this Court's review of the Commission's decisions is "strictly limited to the two-fold inquiry of (1) whether there is competent evidence to support the Commission's findings of fact; and (2) whether these findings of fact justify the Commission's conclusions of law." *Foster v. Carolina Marble and Tile Co.*, 132 N.C. App. 505, 507, 513 S.E.2d 75, 77 (1999). Upon such review, "[t]he Commission's findings will not be disturbed on appeal if they are supported by competent evidence even if there is contrary evidence in the record. However, the Commission's conclusions of law are reviewable *de novo* by this Court." *Hawley v. Wayne Dale Constr.*, 146 N.C. App. 423, 427, 552 S.E.2d 269, 272 (2001) (citations omitted).

The key factor in this case is that the Commission's conclusions of law in its opinion on remand are merely a formalization of *this Court's* conclusions of law. That is, the case was not remanded in order for the Commission to reconsider the case and make new find-

ings of fact or conclusions of law on its own; this Court remanded it with orders to vacate. The order thus quotes a substantial part of this Court's remand order that includes this Court's rationale (i.e., its findings and conclusions). Independent fact-finding and conclusions of law would have been inappropriate. To the extent such findings and conclusions were necessary, the order provides them by way of quoting this Court.

Defendants further argue that the Commission had no authority to reinstate plaintiff's disability benefits because a plaintiff in worker's compensation cases always has the burden of proving her disability exists, and no such proof was provided to the Commission for it to make this determination. A similar situation occurred in *State ex rel. Comm'r of Ins. v. N.C. Rate Bureau*, 131 N.C. App. 874, 508 S.E.2d 836 (1998). In an earlier appeal in the case (124 N.C. App. 674, 478 S.E.2d 794 (1996)), this Court had reviewed an order by the Commissioner of Insurance altering the rates on automobiles and motorcycles. *Rate Bureau*, 131 N.C. App. at 875, 508 S.E.2d at 836-37. Further, this Court had vacated the order in part and remanded it to the Commissioner with instructions to, among other things, recalculate certain provisions. *Id.* On remand, the Commissioner set new rates per the Court's order and ordered that they be applied effective as of the date the previous rate change took effect— that is, retroactively. *Id.* at 875-76, 508 S.E.2d at 837. The North Carolina Rate Bureau appealed from the order, arguing that the Commissioner had no authority to order that the rates be applied retroactively. *Id.* at 876, 508 S.E.2d at 837. On appeal, this Court rejected that argument, stating:

> The recalculation of rates, however, pursuant to a remand order of an appellate court and the application of those rates back to the effective date of the Order reversed on appeal does not constitute unlawful retroactive rate making. To hold otherwise essentially would bind the parties, for a period of time between the entry of the appealed Order and the rehearing on remand pursuant to the appellate court, to a rate declared invalid by the appellate court. This cannot represent sound public policy, and, furthermore, *is inconsistent with the purpose of the remand order, which is to correct the error requiring the remand.*

*Id.* (emphasis added).

The reasoning of this Court's conclusion in *Rate Bureau* also applies squarely to the case at hand. The purpose of the remand order

IN RE A.C.

[182 N.C. App. 759 (2007)]

in the case *sub judice* is, as above, "to correct the error requiring the remand." *Id.* Had the Commission not reinstated the status quo as of the date the invalid agreement was approved, it would be "bind[ing] the parties, for a period of time between the entry of the appealed Order and the rehearing on remand pursuant to the appellate court, to [an agreement] declared invalid by the appellate court." *Id.* With the agreement invalidated and the Commission ordered to vacate it, the Commission's only option was to return the parties to the status quo before the agreement was approved. To do otherwise—specifically, to allow defendants to avoid paying any benefits to plaintiff for the period during which the settlement agreement was in dispute—would be "inconsistent with the purpose of the remand order[.]" *Id.*

Defendants also assigned error to the Commission's awarding of attorney's fees to plaintiff, but then did not address that error in their brief. As such, we deem it abandoned per N.C.R. App. P. 28.

Defendants have failed to show that the Commission erred in entering its order to vacate and reinstate plaintiff's disability benefits. As such, the Commission's order is affirmed.

Affirmed.

Chief Judge MARTIN and Judge STROUD concur.