RAYMOND MALLOY, Employee, Plaintiff v. DAVIS MECHANICAL, INC., Employer, and STONEWOOD INSURANCE COMPANY, Carrier, Defendants

No. COA11-476

(Filed 20 December 2011)

**1. Workers' Compensation—findings of fact—improper consideration of medical records produced after mediation agreement reached**

The Industrial Commission erred in a workers' compensation case by its finding of fact 14. The Commission was not permitted to consider any medical records produced after the mediation agreement was reached. The order was reversed and remanded for reconsideration based on the circumstances, and evidence pertaining to those circumstances that existed at the time the mediation agreement was signed.

**2. Workers' Compensation—mediation agreement—improper consideration of child support lien**

The Industrial Commission erred in a workers' compensation case by considering plaintiff's child support lien when determin-

MALLOY v. DAVIS MECH., INC.

[217 N.C. App. 549 (2011)]

ing whether the mediation agreement was fair and just. On remand, the Commission was not permitted to consider plaintiff's outstanding child support lien with regard to its fair and just determination.

3. **Appeal and Error—preservation of issues—workers' compensation mediation agreement—issue not considered—case remanded**

Although defendants contended the Industrial Commission erred in a workers' compensation case by determining that the mediation agreement was not "fair and just," the Court of Appeals did not address this issue since the Commission's determination may change on remand after properly considering the circumstances that existed at the time the mediation agreement was signed.

4. **Appeal and Error—preservation of issues—motion to reconsider and amend—issue not considered—case remanded**

Although defendants contend the Industrial Commission erred in a workers' compensation case by denying their motion to reconsider and amend the opinion and award since the findings of fact related to medical records and testimony tended to resolve the issue of compensability, the Court of Appeals did not address this argument since the case was remanded for a full reconsideration by the Commission.

Appeal by defendants from opinion and award entered 29 December 2010 by the North Carolina Industrial Commission. Heard in the Court of Appeals 11 October 2011.

*The Law Offices of William K. Goldfarb, by William K. Goldfarb, for plaintiff-appellee.*

*Brooks, Stevens & Pope, P.A., by Bambee B. Blake and Ginny P. Lanier, for defendants-appellants.*

HUNTER, Robert C., Judge.

Davis Mechanical, Inc. ("Davis") and Stonewood Insurance Company (collectively "defendants") appeal from the Industrial Commission's opinion and award in which the Commission determined that the mediated settlement agreement reached between defendants and Raymond Malloy ("plaintiff") was not fair and just. Defendants argue that the Commission erred in its determination, or, alternatively, that the Commission erred in denying defendants'

MALLOY v. DAVIS MECH., INC.

[217 N.C. App. 549 (2011)]

motion to reconsider and amend the opinion and award. After careful review, we reverse and remand.

## Background

On the date of injury, plaintiff was employed as a truck driver for Davis. Plaintiff's job required him to deliver animal feed to farms and leave receipts for the purchaser. On 19 August 2008, plaintiff inadvertently disturbed a hornet's nest while placing a receipt in a customer's mailbox. He was stung approximately 29 times. Plaintiff subsequently suffered an allergic reaction and was hospitalized on 20 August 2008. Plaintiff was in the hospital for seven days, during which time he had recurrent seizures brought on by "significant envenomation associated with his hornet bites[.]" Plaintiff continues to have seizures and has not returned to work since 19 August 2008.

Plaintiff received temporary total disability benefits from defendants from 18 September 2008 through 8 October 2008.[1] Defendants subsequently denied plaintiff's claim and plaintiff requested a hearing before the Commission.

On 21 April 2009, the parties participated in a mediation. Plaintiff was represented by counsel. At the mediation, plaintiff presented medical records and bills which showed that plaintiff had incurred $56,216.33 in medical expenses related to his hospitalization and seizure condition. His personal insurance carrier paid a significant portion of these medical expenses; however, plaintiff was responsible for paying $11,525.00 out of pocket. The parties agreed to settle the matter for a total lump sum of $10,000.00. The mediation agreement, or "clincher" agreement, explicitly stated that defendants were "not undertaking to pay any medical expenses[.]" The agreement further stated that plaintiff's settlement would be held in trust by plaintiff's attorney because it was subject to a child support lien. The terms of the signed mediation agreement were incorporated into an "Agreement of Final Settlement and Release" and sent to plaintiff for his signature. Plaintiff refused to sign the agreement. On 4 June 2009, defendants requested an expedited hearing before the Commission, seeking enforcement of the mediation agreement. Plaintiff's counsel withdrew from the matter and plaintiff retained a new attorney.

On 22 December 2009 and 19 January 2010, this matter was heard before the Deputy Commissioner. The only issue for resolution was whether the mediation agreement was enforceable. On 20 May 2010,

---

1. These payments were made without prejudice per Form 63.

the Deputy Commissioner issued an opinion and award concluding that: (1) the mediation agreement contained the necessary language and substance required by N.C. Gen. Stat. § 97-17 (2009) and Rule 502 of the North Carolina Workers' Compensation Rules; (2) there was insufficient evidence that plaintiff lacked the mental capacity to enter into the mediation agreement; and (3) the mediation agreement was not fair and just. Consequently, the Deputy Commissioner held that the mediation agreement was unenforceable.

Defendants appealed to the Full Commission, and, on 20 December 2010, the Commission entered an opinion and award affirming the opinion and award of the Deputy Commissioner with minor modifications. The Commission ultimately concluded:

> After careful review of the facts and the applicable law, the Full Commission concludes that the Compromise Settlement Agreement entered into by the parties in this case is not "fair and just" to plaintiff and the agreement therefore cannot be approved. The Mediated Settlement Agreement sum of $10,000.00 is not fair and just to plaintiff considering plaintiff's claim in the most favorable manner, as well as the extent of his outstanding medical expenses and outstanding child support lien.

Defendants timely appealed to this Court.

## Standard of Review

"[O]ur role in reviewing decisions of the Commission is strictly limited to the two-fold inquiry of (1) whether there is competent evidence to support the Commission's findings of fact; and (2) whether these findings of fact justify the Commission's conclusions of law." *Foster v. Carolina Marble and Tile Co.*, 132 N.C. App. 505, 507, 513 S.E.2d 75, 77, *disc. review denied*, 350 N.C. 830, 537 S.E.2d 822 (1999). "The Commission's findings will not be disturbed on appeal if they are supported by competent evidence even if there is contrary evidence in the record. However, the Commission's conclusions of law are reviewable *de novo* by this Court." *Hawley v. Wayne Dale Constr.*, 146 N.C. App. 423, 427, 552 S.E.2d 269, 272, *disc. review denied*, 355 N.C. 211, 558 S.E.2d 868 (2001) (internal citations omitted).

## Discussion

### I.

Defendants argue that: (1) finding of fact 14 was unsupported by the evidence; (2) the Commission improperly relied on a medical record that was generated after the mediation; (3) the Commission

MALLOY v. DAVIS MECH., INC.

[217 N.C. App. 549 (2011)]

improperly considered plaintiff's child support obligation; and (4) the Commission erred in concluding as a matter of law that the mediation agreement was not fair and just. We hold that finding of fact 14 was supported by the evidence; however, we agree with defendants that the Commission improperly considered the medical record and plaintiff's child support obligation. Consequently, we remand this case to the Commission for reconsideration of whether the mediation agreement is fair and just based on the evidence available at the time of the mediation.

"The Commission recognizes . . . two forms of voluntary settlements, namely, the compensation agreement in uncontested cases, and the compromise or 'clincher' agreement in contested or disputed cases." *Vernon v. Steven L. Mabe Builders*, 336 N.C. 425, 430, 444 S.E.2d 191, 193 (1994); *Chaisson v. Simpson*, 195 N.C. App. 463, 474, 673 S.E.2d 149, 158 (2009) ("A clincher or compromise agreement is a form of voluntary settlement recognized by the Commission and used to finally resolve contested or disputed workers' compensation cases." (citation and quotation marks omitted)). It is well established that "[c]ompromise agreements are governed by the legal principles applicable to contracts generally." *Dixie Lines v. Grannick*, 238 N.C. 552, 556, 78 S.E.2d 410, 414 (1953); *see Lemly v. Colvard Oil Co.*, 157 N.C. App. 99, 103, 577 S.E.2d 712, 715 (2003) ("Compromise settlement agreements, including mediated settlement agreements, are governed by general principles of contract law." (citation and quotation marks omitted)).

Pursuant to N.C. Gen. Stat. § 97-17(a) and Rule 502, all settlement agreements must be approved by the Commission. The Commission must undertake a "full investigation" to determine that a settlement agreement "is fair and just[.]" *Vernon*, 336 N.C. at 432, 444 S.E.2d at 195. "The conclusion the agreement is fair and just must be indicated in the approval order of the Commission and must come after a full review of the medical records filed with the agreement submitted to the Commission." *Lewis v. Craven Reg'l Med. Ctr.*, 134 N.C. App. 438, 441, 518 S.E.2d 1, 3 (1999), *aff'd per curiam*, 352 N.C. 668, 535 S.E.2d 33 (2000).

[1] Here, defendants first argue that the Commission's finding of fact 14 was not supported by competent evidence. Finding 14 states:

> The Compromise Settlement Agreement prepared by defendants and provided to plaintiff pursuant to the April 21, 2009 Mediated Settlement Agreement obligated plaintiff to "bear responsibility for the unpaid bills arising out of this incident."

Furthermore, the Compromise Settlement Agreement represents the unpaid medical bills to be "approximately $11,525.00 as evidenced by the attached medical bill chart which is marked as Exhibit 1 and hereby incorporated by reference." However, hearing testimony and other evidence indicates that the actual amount may be higher, in addition to the fact that plaintiff has continued to incur medical expenses. Plaintiff's settlement proceeds were also subject to a child support lien in excess of $11,000.00.

Defendants contend that the finding inaccurately states that there was an inconsistency between Exhibit 1 and what was presented at the hearing. Defendants misinterpret the finding, which merely recognizes that plaintiff has incurred additional medical bills since the mediation agreement was signed. The evidence supports this finding. At the hearing, plaintiff submitted documentation that his medical expenses had increased to $86,422.56 and that he owed $12,131.50 out of pocket. Defendants' argument that this finding is unsupported by the evidence is without merit; however, as discussed *infra*, the Commission improperly considered evidence, including medical expenses, compiled after the mediation.

Defendants further argue that the Commission improperly found as fact that Dr. Steven Karner wrote a letter on 4 May 2009, after the mediation, in which he stated that plaintiff's "return to work for the foreseeable future is unlikely." Defendants contend that the Commission is not permitted to consider any medical records produced after the mediation agreement is reached. We agree.

The Commission reviewed medical records, evidence of medical expenses, and depositions of medical experts generated after the mediation occurred, but prior to the hearing, that pertained to plaintiff's condition after the mediation agreement was signed. We hold that the Commission improperly examined this evidence in relation to its fair and just determination.[2] The Commission is charged with conducting a "full investigation" to determine that a settlement agreement "is fair and just," *Vernon*, 336 N.C. at 432, 444 S.E.2d at 195, but this type of investigation is limited to the circumstances that existed at the time of the settlement agreement. In *Lewis*, 134 N.C. App. at

---

2. It is clear from the Commission's findings that it properly considered the depositions and medical evidence regarding plaintiff's mental competency *at the time of the mediation*. The Commission found that, "there is insufficient evidence to find by the greater weight that plaintiff lacked the requisite mental capacity to execute the Mediated Settlement Agreement on April 21, 2009."

441, 518 S.E.2d at 3, this Court recognized that the Commission must review the medical records filed *with the settlement agreement*. In *Chaisson*, 195 N.C. App. at 483, 673 S.E.2d at 164 (emphasis added), we held "that, based on the evidence available to the parties *at the time of the settlement negotiation*, the Commission correctly concluded that the parties' decision to settle plaintiff's claim for $97,500 was fair and just . . . ." Moreover, N.C. Gen. Stat. § 97-17 (b)(2) states that the settlement agreement must contain a list of medical expenses "to the date of the settlement agreement." Consequently, the Commission is required to evaluate the settlement or mediation agreement based strictly on the evidence available at the time the agreement was reached. To hold otherwise would potentially permit either party to avoid their contractual obligation should new circumstances arise prior to approval by the Commission. *See Glenn v. McDonald's*, 109 N.C. App. 45, 49, 425 S.E.2d 727, 730 (1993) (stating that the Commission may not "set aside an agreement merely because one party to the agreement acquired new information or evidence"). We must, therefore, reverse the Commission's order and remand for reconsideration based on the circumstances, and evidence pertaining to those circumstances, that existed at the time the mediation agreement was signed. Dr. Karner's 4 May 2009 letter should not be considered on remand.

**[2]** Additionally, defendants argue that the Commission should not have considered plaintiff's child support lien when determining whether the mediation agreement was fair and just. We agree. The mediation agreement stated: "Upon approval of the clincher by NCIC, all monies payable to Raymond Malloy personally will be held in trust with Plaintiff's attorney pending the result of a petition to the court . . . requesting an order on disbursal concerning his child support arrearage and the lien attaching to this settlement." Undoubtedly, this type of arrangement is not unusual where there is a lien that attaches to any award a plaintiff may receive in a civil action. It does not appear that the parties were contracting to pay plaintiff's child support arrears. Plaintiff has not cited a case or statute, nor have we found one, that would suggest that the Commission should consider the non-medical debts of the plaintiff when examining the mediation or settlement agreement. We fail to see how plaintiff's child support obligation relates to the fair and just determination. On remand, the Commission is not permitted to consider plaintiff's outstanding child support lien with regard to its fair and just determination.

**[3]** Finally, defendants argue that the Commission erred in ultimately determining that the mediation agreement was not "fair and just." We

need not address this issue since the Commission's determination may change on remand after properly considering the circumstances that existed at the time the mediation agreement was signed.[3] Nevertheless, we wish to emphasize several points.

First, the Commission in this case "consider[ed] plaintiff's claim in the most favorable manner[.]" We do not believe this is the correct standard since plaintiff's claim was a contested claim. There is a difference between an uncontested claim and a contested claim. Where a claim is uncontested by the employer and there are multiple remedies (such as temporary disability benefits and permanent disability benefits), "[t]he employee is allowed to select the more favorable remedy" when reaching a settlement. *Kyle v. Holston Group*, 188 N.C. App. 686, 696, 656 S.E.2d 667, 673 (quoting *Effingham v. Kroger Co.*, 149 N.C. App. 105, 113-14, 561 S.E.2d 287, 293 (2002)), *disc. review denied*, 362 N.C. 359, 662 S.E.2d 905 (2008); *see Lewis*, 134 N.C. App. at 441, 518 S.E.2d at 3 ("The agreement is fair and just only if it allows the injured employee to receive the most favorable disability benefits to which he is entitled."). In that situation, the Commission is, in a sense, considering the plaintiff's claim in the most favorable manner in order to ensure that the plaintiff is receiving the maximum remedy possible in an uncontested claim. When a claim is contested, however, the plaintiff is not able to select the more favorable remedy. In that situation, the plaintiff is faced with the possibility of receiving *no compensation* if he or she proceeds to a hearing on compensability and does not prevail. The plaintiff must scrutinize the validity of his or her claim and determine if a settlement would be in his or her best interest. Consequently, because this is a contested claim, we hold that the Commission in this case improperly "consider[ed] plaintiff's claim in the most favorable manner[.]"

Rule 502 states that before the Commission accepts a compromise settlement agreement, it must determine whether the agreement is "fair and just and in the best interest of all parties . . . ." I.C. Rule 502(1) (2011); N.C. Gen. Stat. § 97-17(b)(1); *see Chaisson*, 195 N.C. App. at 482-83, 673 S.E.2d at 163-64 (applying Rule 502 and holding that the compromise agreement "was fair and just and in the best interest of the parties"). On remand, the Commission must review the mediation agreement and determine if it is fair and just and in the best interest

---

3. To be clear, we are not holding that the Commission is never permitted to review medical records or depositions of medical experts that were generated after the mediation. That evidence is properly considered so long as it pertains to the circumstances that existed at the time the contract was signed.

of all parties, as required by statute and Rule 502; however, plaintiff's claim should not be considered "in the most favorable manner[.]"

We recognize that the fair and just determination is somewhat subjective in nature. Neither the statutory Workers' Compensation Act nor the Workers' Compensation Rules provide a specific procedure or guideline for deciding what is fair and just. While Rule 502 sets forth what must be contained in a compromise agreement, it does not specify how the Commission should go about its fair and just determination. The Commission must necessarily take into account the validity of the plaintiff's claim, despite the fact that the issue of compensability is not before it. In many instances, the amount of the settlement reached reflects how the parties perceive the viability of the plaintiff's claim. The Commission is not blind to this reality, but it must determine for itself whether the settlement is fair and just based on the evidence before it.

Next, we further recognize that a situation may arise where the compromise agreement reached does not fully compensate a plaintiff for his or her medical expenses. Such a settlement may still be deemed fair and just considering the fact that the plaintiff may not have been able to obtain any compensation at all had he or she pursued a hearing on compensability.

Finally, we wish to point out that our Courts have disapproved of employers settling cases with plaintiffs who were "unrepresented and unaware" of the law at the time of settlement. *Kyle*, 188 N.C. App. at 696, 656 S.E.2d at 674. Plaintiff, in this case, was represented by able counsel who testified that workers' compensation cases comprise 30 to 40% of his practice, and that he assisted plaintiff in weighing the decision to proceed to a hearing on compensability or accept the mediated $10,000.00 settlement offer.

## II.

[4] Defendants also argue that the Commission erred in denying their motion to reconsider and amend the opinion and award. Defendants claim that the findings of fact related to medical records and testimony tended to resolve the issue of compensability. We need not address this argument since we remand for a full reconsideration by the Commission.

Reversed and Remanded.

Judges McGEE and CALABRIA concur.